

**SO ORDERED.**

**SIGNED this 30th day of March, 2017.**

*Catharine R Aron*
_____
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re:<br><br>CLEAN BURN FUELS, LLC,<br><br>Debtor.<br>_____<br><br>SARA A. CONTI, Chapter 7<br>Trustee for CLEAN BURN FUELS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PERDUE BIOENERGY, LLC,<br><br>Defendant. | Case No. 11-80562<br><br><br><br><br><br><br><br>Adv. Pro. No. 13-09012 |

## OPINION AND ORDER

THIS CASE is before the Court, *sua sponte*, with respect to the Court's October 7, 2016 order [Doc. #116] (the "Supplementary Order"). For the reasons as stated below, the Court finds that the Supplementary Order should be amended, and the parties should prepare for trial with respect to whether any of the payments at issue in this case are protected from avoidance under 11 U.S.C. §§ 546(e) or (g).

## JURISDICTION

1

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 83.11 of the District Court for the Middle District of North Carolina. This is a core proceeding under 28 U.S.C. § 157(b)(2) which this Court may hear and determine. Both parties have consented to entry of final order by the Court. [Doc. #20].

## BACKGROUND AND ANALYSIS

On October 7, 2016, this Court entered an order [Doc. #116] (the "Supplementary Order") which amended two prior orders of the Court, the Summary Judgment Order and the Order Partially Granting and Partially Denying Summary Judgment.[1] The Supplementary Order clarified that the Pricing Confirmation Documents, rather than the Sales Settlement Sheets, finalized the contracts between the parties. The Supplementary Order then held that payments made pursuant to Pricing Confirmation Document 277 amendment 2 ("Contract 277.2") did not qualify as payments subject to exception from the Trustee's avoidance powers under 11 U.S.C. §§ 546(e) or (g), because, according to the Sales Settlement Sheets, Contract 277.2 did not actually have a maturity date of more than two days after entry. Ultimately, the order directed the parties to prepare for trial on the issue of whether those payments may, nevertheless, be protected from avoidance under 11 U.S.C. §§ 546(c)(1), (c)(2), or (c)(4).

The Court now recognizes that in applying *Huston v. E.I. du Pont de Nemours and Co., Inc. (In re Nat'l Gas Distribs., LLC)*, 556 F.3d 247 (4th Cir. 2009) to Contract 277.2, its analysis should have focused on whether the appropriate maturity date was fixed *at the time of contracting*. *See id.* at 260. Moreover, the Court also notes that genuine issues of material fact still exist as to whether payments made pursuant to the remaining Pricing Confirmation Documents constitute payments subject to exception from the Trustee's avoidance powers under

---

[1] Unless otherwise noted, the terms as used herein have the same meaning as defined in the Supplementary Order.

11 U.S.C. §§ 546(e) or (g); the Court relied on the Sales Settlement Sheets to find that forward contracts existed in this case, impliedly finding that the Sales Settlement Sheets contained the fixed quantity and time elements of a forward contract, and erred when it did so.

Therefore, the Court finds it necessary to amend the Supplementary Order to recognize these errors and to instead direct the parties to prepare for trial on whether any payments are subject to exception from the Trustee's avoidance powers under 11 U.S.C. §§ 546(e) or (g). Specifically, the parties should prepare to present evidence to the Court with respect to whether each Pricing Confirmation Document, together with the Feedstock Supply Agreement, contains the elements of a forward contract under *Huston v. E.I. du Pont de Nemours and Co., Inc. (In re Nat'l Gas Distribs., LLC)*, 556 F.3d 247 (4th Cir. 2009).[2]

NOW, THEREFORE, FOR THE ABOVE STATED REASONS, THE COURT HEREBY ORDERS THAT:

(1) The Supplementary Order is amended as stated herein[3];

(2) The parties should prepare for trial on the issue of whether payments made pursuant to the Pricing Confirmation Documents are subject to exception from the Trustee's avoidance powers under 11 U.S.C. §§ 546(e) or (g);

(3) The parties shall prepare and submit to the Court an amended scheduling order in accordance herewith; and

(4) At the conclusion of trial on this limited issue, the Court shall enter further orders, as necessary, setting remaining issues for trial.

[END OF DOCUMENT]

---

[2] The parties should also be prepared to address, as a threshold matter, the fact that some Pricing Confirmation Documents are unsigned and others were signed and dated, collectively, on November 11, 2010.
[3] By amending the Supplementary Order as stated herein, the Court also necessarily amends the Summary Judgment Order and the Order Partially Granting and Partially Denying Summary Judgment.

SERVICE LIST

Sara A. Conti
Trustee

JP Cournoyer
Attorney for Trustee

Gregory B. Crampton
Steven Newton
Attorneys for Defendant

Andrew J. Currie
VENABLE LLP
210 West Pennsylvania Ave.
Suite 500
Towson, MD 21204